UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MELANIE MCGUIRE,

Petitioner,

v.

THE ATTORNEY GENERAL OF
THE STATE OF NEW JERSEY, et al.,

Respondents.

Civil Action No. 18-3411 (MAS)

**MEMORANDUM AND ORDER**

## **SHIPP, District Judge**

Petitioner Melanie McGuire ("Petitioner"), filed an Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Am. Pet., ECF No. 3.) Pending before this Court is Petitioner's amended application seeking the appointment of counsel. (Pet'r's Pro Bono Appl., ECF No. 11.) In support of this application, Petitioner asserts that the habeas petition was completed by inmate paralegals and that the claims raised therein are complex, requiring investigation. (*Id.*) Petitioner also generally urges that the Petition is meritorious. (*Id.*) Respondents filed an opposition arguing that Petitioner has coherently presented her claims, all of which were fully raised and briefed before the New Jersey state courts. (Resp., ECF No. 12.)

A habeas petitioner has no constitutional or statutory right to representation by counsel. *Reese v. Fulcomer*, 946 F.2d 247, 263 (3d Cir. 1991), *superseded by statute on other grounds* 28 U.S.C. § 2254(d). Nevertheless, under 18 U.S.C. § 3006A, courts may appoint counsel to habeas petitioners if they are "financially eligible" and if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). In determining whether the interests of justice support the appointment of counsel, "the district court must first decide if the petitioner has presented a nonfrivolous claim

and if the appointment of counsel will benefit the petitioner and the court." *Reese*, 946 F.2d at 263–64. Such an inquiry includes consideration of the petitioner's likelihood of success on the merits, the proceeding's legal complexity, and the petitioner's ability to investigate and present her case. *See, e.g., Fuscaldo v. Nogan*, No. 16-4198, 2016 WL 5660436, at *1–2 (D.N.J. Sept. 28, 2016).

An appointment of counsel is not warranted at this time. Without reaching any conclusion as to the ultimate merit of Petitioner's claims, the Court observes that the issues are not particularly complex, nor does it appear that Petitioner is lacking in ability to present her claims. Petitioner has filed a coherent habeas petition and traverse. Furthermore, the claims appear to have been fully addressed in the New Jersey state courts, and thus will not require any factual investigation beyond the underlying record. Consequently, the Court does not find that the interests of justice require appointing counsel.

IT IS on this 13th day of March 2019,

**ORDERED** that Petitioner's amended application for the appointment of counsel (ECF No. 11), is **DENIED** without prejudice; and it is further

**ORDERED** that the Clerk shall serve this Memorandum and Order on Petitioner by regular U.S. mail.

Mashipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE